UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**15 MISC 0 0 5 8**

In re Application of FRANCK BERLAMONT for an
Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings.

Case No. 15 Misc. \_\_\_\_\_

RECEIVED
MAR 0 6 2015
U.S.D.C. S.D.N.Y.

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the concurrently filed Declaration of Samuel Shapiro and Memorandum of

Law, Petitioner Franck Berlamont hereby asks this Court to endorse the Order annexed as

Exhibit A to the Declaration of Samuel Shapiro, which grants Petitioner leave, pursuant to 28

U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Hunton &

Williams LLP ("H&W") with the subpoena annexed as Exhibit B to the Declaration of Samuel

Shapiro.[1]

The requested relief is for the purpose of obtaining limited, but necessary, discovery in

connection with a criminal proceeding currently pending in Switzerland: *Procédure Pénale n°*

*P/4010/2009 Franck Berlamont c/Manuel Echeverría* (the "Swiss Proceeding"). Petitioner is the

founding partner, President and CEO of Geneva Partners, and the complainant in the Swiss

Proceeding. *See* Berlamont Decl. ¶¶ 1, 3.

The party to be subpoenaed is a law firm that Petitioner has reason to believe possesses

the transcripts and exhibits from the depositions of Bernard Madoff, Hugh Burnaby-Atkins and

Jonathan Clark, which Petitioner seeks for use in the Swiss Proceeding. Mr. Madoff's deposition

was taken in the context of a case that was formerly pending before this Court: *Rembaum et al. v.*

*Banco Santander, S.A., et al.*, 10 Civ. 4095 (S.D.N.Y.). Mr. Clark was a defendant in the

---

[1] All citations to Exhibits A-L herein refer to exhibits to the declaration of Samuel Shapiro, dated March 6, 2015.

*Rembaum* case and Mr. Burnaby-Atkins has knowledge that was highly relevant to the *Rembaum* case. Petitioner believes both Mr. Clark and Mr. Burnaby-Atkins were deposed in the context of *Rembaum*.

Petitioner filed a similar petition in 2014, seeking the transcript and exhibits from the deposition of Rajiv Jaitly, which was also taken in the context of the *Rembaum* case. *See In re Berlamont*, No. 14 Misc. 190 (S.D.N.Y.). Judge Gardephe granted Petitioner's application and Judge Rakoff denied H&W's motion to quash the subpoena Petitioner issued. *See In re Berlamont*, No. 14 Misc. 190, 2014 WL 3893953 (S.D.N.Y. Aug. 4, 2014). The Second Circuit affirmed Judge Rakoff's decision, finding that Petitioner satisfied the statutory requirements of 28 U.S.C. § 1782. *See In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456 (2d Cir. 2014). H&W produced the materials on December 18, 2014, and Petitioner subsequently provided them to the investigating magistrate in Switzerland who is presiding over the Swiss Proceeding. *See* Berlamont Decl. ¶ 7.

After reviewing the materials produced in December 2014, the Swiss investigating magistrate has stated that the statements of Mr. Madoff, Mr. Burnaby-Atkins and Mr. Clark would be "very useful" for his investigation. *See* Berlamont Decl. Ex. A.[2]

**The Swiss Proceeding**

Petitioner commenced the Swiss Proceeding in June 2009 by presenting a criminal complaint alleging that Optimal Investment Services, S.A. ("Optimal"), a subsidiary of Banco Santander S.A., made misrepresentations regarding its review and management of funds it had invested with Bernard Madoff on behalf of its clients, including Petitioner. *See* Berlamont Decl. ¶¶ 2-3. Petitioner sustained significant losses, both personally and on behalf of his clients, on the

---

[2] "Berlamont Decl. Ex. A" refers to Exhibit A appended to the Declaration of Franck Berlamont, dated March 5, 2015.

investments he made with Optimal. *See id.* As Bloomberg News reported, "Optimal clients lost about 2.3 billion euros ($3.2 billion) on investments with Madoff, who pleaded guilty to 11 counts of fraud after running a $65 billion Ponzi scheme and is awaiting sentencing on June 29." Ex. J.

Based on Petitioner's complaint, Manuel Echeverría, the former Director General of Optimal, was charged with disloyal management with the aim of self-enrichment on the basis of a legal act in August 2009. *See* Berlamont Decl. ¶ 4. Petitioner, as the complainant, has the opportunity to present evidence against Mr. Echeverría. *See id.* ¶ 5. The investigating magistrate is currently continuing to collect evidence, and Mr. Echeverría has requested multiple times that Mr. Burnaby-Atkins and Mr. Clark be interviewed as part of the investigation. *See id.* ¶ 8.

**The *Rembaum* Case**

While the Swiss Proceeding was pending, on May 18, 2010, Optimal Investor Group (a group of clients who had invested in a fund managed by Optimal) and others brought suit against Banco Santander, S.A., and others, including Mr. Clark, in this Court. *See Rembaum et al. v. Banco Santander, S.A., et al.,* 10 Civ. 4095 (S.D.N.Y.).

The defendants in *Rembaum*, represented by H&W, moved to dismiss the case, in part, on the grounds of *forum non conveniens*. Defendants argued that "both Ireland and Switzerland are adequate alternative forums . . . [because] all Defendants are amenable to service of process (Banco Santander and [Optimal]) or, through this brief, each expressly consents to the jurisdiction of the courts in those countries (Jonathan Clark, and, to the extent necessary, Banco Santander and [Optimal])." Ex. K at 6.

After initially denying defendants' motion, on August 10, 2012, this Court (Scheindlin, J.) granted a renewed motion to dismiss on *forum non conveniens* grounds. The Court held

Switzerland was an appropriate forum and specifically referred to the Swiss Proceeding when noting that "a Swiss prosecutor has brought a criminal action against Echeverría arising out of the same facts at issue in this litigation." Ex. F at 21 & n.76 (citing *Procédure Pénale no. P/4010/2009 Franck Berlamont c/Manuel Echeverria*).

This Court also invoked the availability of documents produced in *Rembaum* for litigation in Switzerland as a basis for its dismissal on *forum non conveniens* grounds. "[T]he extensive discovery that has occurred does not counsel against dismissal," the Court reasoned, "because defendants have consented to permit such discovery to be used in a Swiss proceeding and *dismissal is conditioned on plaintiffs' ability to use discovery already obtained in this case when the case is re-filed in Switzerland*." Ex. F at 19 (emphasis added).

**The Materials Sought**

The depositions of Mr. Madoff and, Petitioner believes, Mr. Burnaby-Atkins and Mr. Clark were taken during discovery in *Rembaum*. *See* Berlamont Decl. ¶ 6. Mr. Madoff was of course the mastermind behind the infamous Ponzi scheme. Mr. Burnaby-Atkins and Mr. Clark were investment analysts at Optimal who both served on the investment committee that oversaw the Optimal Strategic U.S. Equity Ltd. fund, which served as a feeder fund to Mr. Madoff. *See* Ex. D at 33-34. Mr. Burnaby-Atkins and Mr. Clark also "chaperoned" Mr. Jaitly, Optimal's Chief Risk Officer, on his due diligence visit to Mr. Madoff's New York offices in order to ensure Mr. Jaitly did not ask questions that would negatively impact Optimal's relationship with Mr. Madoff. *See id.* at 52-61. Mr. Jaitly testified that he believed Mr. Burnaby-Atkins and Mr. Clark were working with Mr. Echeverría to "overly" "protect" Optimal's investment with Mr. Madoff. *See id.* at 81. Indeed, Mr. Echeverría charged Mr. Burnaby-Atkins and Mr. Clark with leading Optimal's assessment of Mr. Madoff's operational robustness—a task that Mr. Jaitly, Optimal's Chief Risk Officer, testified

they were not adequately qualified to carry out. *See id.* at 148-49. Mr. Clark even told Mr. Jaitly that there was no need for Optimal to verify the trades Mr. Madoff was making and authored a report in July 2006 in which he concluded that the possibility of Madoff Securities committing an irregularity was remote. *See id.* at 138-41; Ex. E at 5. The testimony of Mr. Burnaby-Atkins and Mr. Clark, as well as the testimony of Mr. Madoff, directly relate to Optimal's review and management of its Madoff investments—central issues in the Swiss Proceeding. *See* Berlamont Decl. ¶ 6.

The Swiss investigating magistrate has expressly stated that these materials would be "very useful" in his investigation. *See* Berlamont Decl. Ex. A. Moreover, Mr. Echeverría has repeatedly requested that the investigating magistrate interview Mr. Burnaby-Atkins and Mr. Clark as part of his investigation. The materials Petitioner seeks are of high value in the Swiss Proceeding.

Petitioner's counsel wrote to H&W to request production of the transcript and exhibits from the depositions of Mr. Madoff, Mr. Burnaby-Atkins and Mr. Clark for use in the Swiss Proceeding. H&W has declined to provide the requested materials on consent.

**Petitioner's Application Should be Granted**

As the Second Circuit held just two months ago, Petitioner meets all the statutory criteria for the issuance of an order permitting the requested discovery under 28 U.S.C. § 1782. *See In re Application for an Order Pursuant to 28 U.S.C. § 1782*, 773 F.3d at 461 ("The Swiss criminal investigation in the instant case is exactly the type of proceeding that the 1996 amendments to [28 U.S.C. § 1782] were intended to reach."). Moreover, as set forth in the Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this application. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Mr. Berlamont respectfully requests that the Court grant his application for

an Order (in the form annexed as Exhibit A to the Declaration of Samuel Shapiro) granting him

leave to serve Hunton & Williams LLP with the subpoena annexed to the Declaration of Samuel

Shapiro as Exhibit B.

Dated:  March 6, 2015
        New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        & ABADY LLP


                                        O. Andrew F. Wilson
                                        Samuel Shapiro
                                        600 Fifth Avenue, 10th Floor
                                        New York, New York 10020
                                        (212) 763-5000

                                        *Attorneys for Franck Berlamont*